CAMPBELL & REED AND WESTERN SALE STABLES COMPANY, Appellants, v. W. C. MYERS, Respondent.

Kansas City Court of Appeals, January 14, 1907.

SALES: Agent: Refusal to Accept: Resale: Pleading. Though an agent who sells his principal's property upon the purchaser's refusal to accept may account to his principal and resell the property and recover the difference against the defaulting purchaser, yet his petition should set out the facts so as to disclose a cause of action of that nature and a petition set out in the opinion is condemned as insufficient.

Appeal from Maries Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*Joseph J. Crites* and *John O. Holmes* for appellant.

(1) If a vendee of goods unreasonably refuse to accept them the vendor is under no obligation to allow them to perish on his hands, or to become reduced in val-

ue, but he may sell them at auction and hold the buyer responsible for the difference between the price they actually bring and the price agreed to be paid. Van Horn v. Rucker, 33 Mo. 391; Story on Sales, sec. 314; Tiffany on Sales, sec. 122, p. 227. (2) In an action by the vendor against the vendee for non-acceptance of property, sold or contracted for the measure of damages is the difference between the price agreed upon at the time and place of delivery and the property may be resold, etc. Richey v. Tenbroeck, 63 Mo. 563; Anderson v. Frank, 45 Mo. App. 486; Strauss & Co. v. Labsop, 59 Mo. App. 262; Dustan v. McAndrew, 44 N. Y. 72; Lumber Co. v. Lumber Co., 51 Mo. App. 555. That is also the rule in this State. Dobbins v. Edmonds, 18 Mo. App. 307; Anderson v. Frank, 45 Mo. App. 482; Van Horn v. Rucker, 33 Mo. 311; Ingram v. Mathiew, 3 Mo. 209; Richey v. Tenbroeck, 63 Mo. 563. (3) Where a contract is in terms made with the agent personally, he may sue on it, although the fact of agency and the name of the principal are known, and the rule holds under the statute as well as at common law. Harrigan v. Welch, 49 Mo. App. 496; Keown & Co. v. Vogel, 25 Mo. App. 35; Snider v. Express Co., 77 Mo. 523; Mfg. Co. v. Henry, 44 Mo. App. 263; Rice v. Groffman, 56 Mo. 434; Montgomery v. Gann & Mathias, 51 Mo. App. 187; Becking v. Sterus, 69 Mo. App. 175 and cases cited; Bruen v. Fire Assn., 40 Mo. App. 425; Henderson v. Botts, 56 Mo. App. 141; Coggburn v. Simpson, 22 Mo. 351.

*W. S. Pope & J. W. Terrill* for respondent.

(1) Defendant claims that if recovery can be had against him, it must be for breach of contract. Rickey v. Tenbroeck, 63 Mo. 563 and authorities cited; Van Horn v. Rucker, 33 Mo. 391; Anderson v. Frank, 45 Mo. App. 486; Strauss v. Labsap, 59 Mo. App. 262. (2)

The cases above cited by appellant. All of them are for damages for non-acceptance after sale. Lumber Co. v. Lumber Co., 51 Mo. App. 555; Dobbins v. Edmonds, 18 Mo. App. 307; Ingram v. Matthew, 3 Mo. 109. Above cases cited by appellant also sustain respondent's contention that suit was improperly brought.

ELLISON, J.—The plaintiff brought this action against the defendant by filing the following petition:

"For its cause of action plaintiff states that the defendant W. C. Myers is justly indebted to it in the sum of three hundred and thirty ($330) dollars, for twenty-two mares and fifteen colts sold the defendant at his special instance and request September 13, 1904, all of which more fully appears by the itemized bill hereto attached, marked Exhibit 'A' and made a part hereof.

"Wherefore the plaintiff prays judgment against the defendant for the said sum of three hundred and thirty dollars its debts and for all costs of suit."

The itemized bill referred to is as follows:

"Exhibit A.

National Stock Yards, Ill.

Sept. 13, 1904.

W. C. Myers,

Bought of Campbell & Reed and Western Sale Stables Co.,

| | | |
|---|---|---|
| 22 mares 15 colts at $22.50 | $495.00 | |
| Feed 14 days | 77.00 | $572.00 |
| 22 mares and 15 colts sold | | |
| Sept. 27 at $11.00 | | 242.00 |
| Balance due ...... .... | | $330.00" |

The evidence shows that plaintiff was a commission company at East St. Louis, Illinois. That one Sheehan, of Colorado, shipped to them for sale the animals referred to and that the plaintiff put them up at auction when they were bid off by the defendant. That defend-

ant signed a "ticket" sale, but, on account of some dispute between the parties, the animals were not paid for nor were they delivered, though plaintiff accounted to Shechan for the amount of defendant's bid. Plaintiff kept them for fourteen days and then put them up at auction and sold them to third parties for $242. Plaintiff then added a charge of $77 for feed and a credit for $242 for amount realized on resale and then brought the action in the manner above stated, and the court at the close of the evidence gave a peremptory instruction for defendant.

Plaintiff's contention here is that one who sells personal property to another and that other wrongfully refuses to accept it and pay the price, that the seller may retain the property, resell it and hold the first buyer for the difference in price. He likewise contends that though the seller may be an agent of the owner of the property, yet he may account to his principal for the amount of the first sale and bring his action in his own name against the buyer for the price. There are authorities cited in the brief in support of these contentions.

But, if we concede plaintiff to be correct in this, it is yet manifest that his petition should disclose a cause of action of that nature. Here the petition is one apparently based on an ordinary account for property sold by one person to another and unpaid for. There is nothing in the petition upon which the case made by the evidence can stand. There is nothing in the petition which would, in even a remote way, disclose to the defendant, the nature of the case or the claim as made out by the evidence. The court, therefore, properly ruled that under the case made by the pleading and that made by the evidence the plaintiff could not recover, and the judgment is affirmed. All concur.